**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Esteban RAMOS, Defendant-Appellant.**

No. 78–5384
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Dec. 26, 1978.

Charles Michael Mallin, Joseph A. Calamia, El Paso, Tex., for defendant-appellant.

Jamie C. Boyd, U. S. Atty., LeRoy Morgan Jahn, Asst. Atty., San Antonio, Tex., Richard Mesa, Asst. U. S. Atty., El Paso, Tex., for plaintiff-appellee.

Before THORNBERRY, GODBOLD and RUBIN, Circuit Judges.

PER CURIAM:

Defendant Ramos was convicted of importation of marijuana and possession with

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

intent to distribute. On appeal he urges that his indictment should have been dismissed for both pre-indictment and post-indictment delay. We affirm.

In June, 1977, Ramos crossed the United States-Mexico border into El Paso, Texas. When a customs officer requested that he open the trunk of his car, Ramos fled back into Mexico on foot. The trunk contained 648 pounds of marijuana. The officer had recognized Ramos as an El Paso County resident, and was able to provide DEA agents with his full name and address within a few days. He also identified Ramos in a photographic spread.

The DEA did not seek an arrest warrant until October. During this period and for an additional four months the case agent refrained from overt search for Ramos because he feared that Ramos would learn of the investigation and remain in or return to Mexico. The agent conducted surveillance at appellant's residence and that of a relative, but never saw Ramos at either location. He made no effort to learn of community ties. In late January, 1978, the agent determined that Ramos might be using an automobile that often appeared at his residence at night. He entered the vehicle description in a computerized network system, and Ramos was arrested a few days later when he crossed the border into the United States at El Paso.

Ramos introduced ample evidence that he was in El Paso County throughout the eight-month period, working and living at his residence, and was available for arrest at any time. He argues that the delay in arresting him was purposeful, and that it precluded an alibi defense because neither he nor his family could recall his activities on the day in question.

■ Pre-indictment delay must be judged against standards of due process rather than the Sixth Amendment. *United States v. Lovasco*, 1977, 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752; *United States v. Marion*, 1971, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468. To show a violation of due process, Ramos must show substantial prej-

udice stemming from the delay, and that the delay was a deliberate tactical maneuver by the government. *United States v. Avalos*, 5 Cir. 1976, 541 F.2d 1100, 1107, *cert. denied*, 430 U.S. 970, 97 S.Ct. 1656, 52 L.Ed.2d 363. Investigative delay is fundamentally distinct from delay solely to secure a tactical advantage. *Lovasco, supra*, 431 U.S. at 795, 97 S.Ct. at 2051. In light of the protection afforded by the applicable statute of limitations, diminished recollection alone does not constitute substantial prejudice. *Marion, supra*, 404 U.S. at 326, 92 S.Ct. at 466; *Avalos, supra*, 541 F.2d at 1108. The trial court found that the delay did not unduly prejudice Ramos, that it was not a tactical maneuver, and that it was justified by a fear that Ramos would flee into Mexico. These findings are not clearly erroneous and must be upheld on appeal. *Cf. United States v. Judon*, 5 Cir. 1978, 581 F.2d 553, 554 (findings concerning potential Jencks Act material); *United States v. Juarez*, 5 Cir. 1978, 573 F.2d 267, 273 (findings on motion to suppress). Ramos has failed to establish a violation of due process in the pre-indictment delay.

■ Ramos also argues that his Sixth Amendment right to a speedy trial was violated. As he was tried within a month of arrest and indictment, this argument is based on the assumption that the right arose when the arrest warrant was issued. This premise is squarely refuted by case law, which holds that actual arrest or earlier indictment triggers the right to a speedy trial. *Dillingham v. United States*, 1975, 423 U.S. 64, 96 S.Ct. 303, 46 L.Ed.2d 205; *Marion, supra*, 404 U.S. at 320, 92 S.Ct. at 459; *Avalos, supra*, 541 F.2d at 1108. The argument is without merit.

AFFIRMED.