**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Clarence JOHNSON, Jr. and Henry Berry, Defendants-Appellants.**

No. 85–3814.

United States Court of Appeals, Fifth Circuit.

Oct. 20, 1986.

---

John P. Volz, U.S. Atty., Eddie Jordan, Harry W. McSherry, Jr., Joseph Giarrusso, Jr., Asst. U.S. Attys., New Orleans, La., for plaintiff-appellee.

Before GARZA, DAVIS and JONES, Circuit Judges.

PER CURIAM:

This is an appeal from voluntarily entered guilty pleas of knowingly and intentionally conspiring to distribute cocaine. The thrust of the claim is that the government's pre-indictment delay in filing criminal charges rendered the accused incapable of assisting counsel in preparing a defense. Because the delay did not cause actual prejudice to the appellants, however, we affirm the convictions entered below.

In November, 1983, Drug Enforcement Administration (DEA) agent Hollis Williams was conducting an undercover investigation of narcotics dealings in Metairie, Louisiana. On November 15, 1983, Ulysses Franklin and Clarence Johnson, Jr., distributed approximately one-fourth ounce of cocaine to Agent Williams. And on November 29, 1983, Ulysses Franklin and Henry Berry negotiated with Agent Williams for the delivery of additional cocaine; thereafter, Franklin and Berry delivered a one-half ounce quantity of cocaine to Williams. Williams continued in his undercover capacity for several months before surfacing to swear out numerous complaints in support of indictments in front of a federal grand jury.

On May 24, 1985, approximately eighteen months after the narcotics transactions, a federal grand jury indicted Clarence Johnson, Jr., Henry Berry and Ulysses Franklin[1] in a three-count indictment charging the defendants with violations of the Feder-

George S. Hesni, Federal Public Defender, New Orleans, La., for defendants-appellants.

1. Ulysses Franklin was named in the federal grand jury indictment and was a defendant in the criminal action below but is not a party to this appeal.

al Controlled Substances Act.[2] After their arrest on May 30, 1985, Berry and Johnson conferred with appointed counsel and then entered pleas of not guilty on all charges against them.

On June 10, 1985, Johnson's appointed counsel informed the court that he was unable to assist Johnson in preparing his defense.[3] Johnson was shot in the head with a .357 magnum shell on March 6, 1985, and some of his brain had been removed. Johnson claimed that he had no memory whatsoever of the events surrounding the charges against him. Counsel filed a motion to dismiss the indictment against Johnson on July 10, 1985, stating that Johnson had been prejudiced by the government's delay in swearing out an indictment. When the government indicated that its delay had been due to the desire to protect the confidential identity of DEA Agent Williams and the undercover investigation, counsel filed a Motion to Dismiss the Indictment against both Berry and Johnson, asserting that this purposeful delay caused substantial prejudice to the defendants. The district court held a hearing on this matter on October 11, 1985, and denied the motion to dismiss the indictment. It is this motion that defendants/appellants Berry and Johnson preserve for appeal, pursuant to Rule 11(a)(2) of the Federal Rules of Criminal Procedure.

Alleging a complete inability to present a defense, Berry and Johnson arranged a plea with the government. All charges were dropped except the conspiracy charge, and defendants were thereupon sentenced. Upon motion of the parties, the district court stayed execution of the judgments pending review by this court.

The United States Supreme Court has recognized that a criminal defendant's Fifth and Sixth Amendment rights before trial are not fully defined by the applicable statute of limitations.

In *United States v. Marion*, 404 U.S. 307, 324, 92 S.Ct. 455, 465, 30 L.Ed.2d 468 (1971) and *United States v. Lavasco*, 431 U.S. 783, 795–96, 97 S.Ct. 2044, 2051, 52 L.Ed.2d 752 (1977) the Supreme Court held that to sustain the burden of establishing that a due process violation has occurred, the defendant must show that (1) the pre-indictment delay caused actual prejudice to the defendant, and (2) such delay was an intentional device used by the government to obtain a tactical advantage over the accused. *See United States v. Wehling*, 676 F.2d 1053, 1059 (5th Cir.1982). To establish that actual prejudice has occurred, this Court in *United States v. Shaw*, 555 F.2d 1295 (5th Cir.1977), delineated certain factors to be considered in evaluating the effect of delay on a due process claim. According to *Shaw*, our "due process analysis must focus on factors such as the length of the delay, the reason for the delay and the prejudice which the delay may have caused the accused." *Id.* at 1299.

Where, as here, the indictment or arrest occurred within the period allowed by the statute of limitations and the defendant alleges that the mere delay in the indictment or arrest violated his due process rights, the defendant has the burden of establishing that a due process violation has occurred. *United States v. Hendricks*, 661 F.2d 38, 40 (5th Cir.1981).

Berry and Johnson allege that they have suffered substantial prejudice because they cannot remember the events surrounding the criminal charges against them. They claim that a seventeen month delay between the alleged conspiracy to distribute cocaine and the indictment for such offense is actual prejudice requiring dismissal of the indictment. However, we

**2.** Defendants were charged in Count I with knowingly and intentionally conspiring to distribute cocaine, in violation of 21 U.S.C. § 846. Counts II and III charged the defendants with distribution of a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1).

**3.** The following day, June 11, 1983, federal public defender George S. Hesni filed a motion to be recognized as attorney of record, which was granted by the district court. The previously appointed attorney was removed.

have repeatedly held that diminished recollection alone does not constitute substantial prejudice warranting a finding of a due process violation. *United States v. Ramos,* 586 F.2d 1078, 1079 (5th Cir.1978); *United States v. Avalos,* 541 F.2d 1100, 1108 (5th Cir.1976). To allow criminal defendants to claim a loss of memory as the sole basis upon which to dismiss the indictment against them will completely eviscerate legitimate undercover operations and erode the government's ability to prosecute offenders. Mere protestations of lack of memory do not justify dismissing an indictment.

Furthermore, appellants fail to show that the delay between the offense and indictment was a deliberate maneuver used by the government to obtain some tactical advantage over them. To support their claim that the government has obtained a tactical advantage, defendants point to their failed memories. This argument, however, is circular. There is neither clear nor convincing evidence that Berry or Johnson actually cannot remember the events in question. And the government's explanation of delay, that the success of ongoing undercover investigations required Agent Williams to keep his identity confidential, is plausible and completely legitimate.[4] Agent Williams was involved in an undercover operation, and the government weighed the strength and quality of the evidence before pressing charges against Berry and Johnson. There is no error in the government's considered evaluation of evidence against criminal defendants. "Rather than deviating from elementary standards of 'fair play and decency,' a prosecutor abides by them if he refuses to seek indictments until he is completely satisfied that he should prosecute and will be able promptly to establish guilt beyond a reasonable doubt." *United*

*States v. Lavasco,* 431 U.S. at 795, 97 S.Ct. at 2051.

Defendants rely heavily on *Ross v. United States,* 121 U.S.App.D.C. 233, 349 F.2d 210 (D.C.Cir.1965). In *Ross,* a complaint was filed seven months after the drug-related offense. The District of Columbia Circuit reversed Ross's conviction, finding there was a purposeful delay on the government's part and the defendant's conviction was based solely upon the testimony of an undercover policeman whose memory was refreshed by notes. But *Ross* is not controlling here. Under the factors outlined in *Shaw, supra,* the delay here was certainly within the parameters of fundamental fairness. The length of delay was seventeen months from the offense to the indictment, and only eight months from the end of Williams' actual undercover operations until the indictment. The reason for the delay was the legitimate government concern for the safety and confidentiality of its undercover informants. The prejudice which the delay may have caused the accused, based here solely on their assertions of no memory to provide a defense, cannot in itself suffice to establish a due process violation. The passage of a limited amount of time, well within the statute of limitations for filing a charge and coupled only with a claim of lack of memory from the defendant, does not rise to the level of a constitutional deprivation of due process of law.

■ Johnson's claim warrants further analysis. Johnson's brain injury on March 6, 1985, is claimed as an "indisputable" demonstration that actual prejudice has occurred.

Johnson had part of his brain removed during corrective surgery after being shot in the head. While such an injury would not have occurred had Johnson already

---

4. In fact, Agent Williams did not end his efforts to obtain additional cocaine from the defendants until March of 1984, only fourteen (14) months before the indictment was returned. Furthermore, at least four additional cases in the same 10–15 block area were being pursued, so Agent Williams' identity could not have been

immediately revealed to Johnson and Berry without the very real possibility of jeopardizing other clandestine investigations. Accordingly, Williams' identity was not revealed until the first time he appeared before the grand jury, approximately eight months before Johnson and Berry were indicted.

been arrested, it is not, strictly speaking, prejudice that *stems from the delay* in filing charges. *See United States v. Ramos,* 586 F.2d 1078, 1079 (5th Cir.1978) (investigative delay "fundamentally distinct" from delay solely to secure tactical advantage). A careful reading of Johnson's claim reveals that the delay in question did not cause him to suffer the gunshot wound. The gunshot wound was a completely independent circumstance apart from the government's legitimate undercover investigation. Even assuming that the gunshot wound somehow stems from the delay and the government was responsible for Johnson's injury, Johnson's claimed loss of memory finds no support in the record. His physician pointedly states that he cannot account for Johnson's memory loss as to events which occurred remote in time to his injury. There is no medical evidence to support Johnson's claim. Johnson's memory loss, then, cannot be attributed to the brain injury. Johnson stands in the same shoes as Berry. Both appellants claim loss of memory because of the passage of time; neither can demonstrate actual prejudice resulting from this limited delay.

It is worth noting that Berry and Johnson appeal from a voluntary plea of guilty. If Johnson was mentally incapable of assisting in the preparation of his defense, he should not have entered into a voluntary plea. The lower court denied Johnson's Motion to Dismiss the Indictment. Johnson knowingly entered a plea of guilty to the crimes charged, demonstrating that, at least implicitly, Johnson was fully capable of reflection and cognition of the charges against him.

Finding that defendants have failed to show that the preindictment delay caused actual prejudice to them or that such delay was an intentional device used by the government to obtain a tactical advantage over them, the convictions entered below are

AFFIRMED.