UNITED STATES of America,
Plaintiff-Appellant,

v.

Kenneth Moses LOUD HAWK, Russ James Redner, Dennis James Banks, Darlene Pearl Nichols, a/k/a Kamook Banks, Defendants-Appellees.

No. 86–3144.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 9, 1987.

Decided May 6, 1987.

Kathleen A. Felton, Washington, D.C., for plaintiff-appellant.

Kenneth Stern, Brooklyn, N.Y., for defendants-appellees.

Before KOELSCH, and NOONAN, Circuit Judges, and BRYAN *, District Judge.

NOONAN, Circuit Judge:

The United States appeals an order of the district court holding that the indictment of Kenneth Moses Loud Hawk, Russ James Redner, Dennis James Banks and Kamook Banks (the defendants) "remains dismissed." We reverse and remand.

## PROCEEDINGS

The history of this case is set out in *United States v. Loud Hawk,* 474 U.S. 302, 106 S.Ct. 648, 88 L.Ed.2d 640 (1986). For the convenience of the reader of this opinion a tabular chronology is attached hereto as an appendix. After the Supreme Court had reversed this circuit and held that the delays in bringing the defendants to trial

---

* Honorable Robert J. Bryan, United States District Judge for the Western District of Washington, sitting by designation.

from the time of their arrest in 1976 did not violate their right under the Speedy Trial Clause of the Sixth Amendment, *Id.,* the case returned here. A panel of this court issued an order on March 18, 1986, 784 F.2d 1407, stating that "the order of the district court dismissing the indictment is vacated, and the case is remanded for further consideration in light of *United States v. Loud Hawk,* 54 U.S.L.W. 4083 [474 U.S. 302, 106 S.Ct. 648, 88 L.Ed.2d 640] (U.S. Jan. 21, 1986), *reversing* 741 F.2d 1184 (9th Cir.1984)."

On return of the case from the circuit to the district court, that court found the order of March 18, 1986 "somewhat ambiguous" when read in conjunction with a second order this court had issued on March 21, 1986. The second order was in response to a motion by the government to reverse the dismissal of the indictment under the Due Process Clause. The order read: "The motion by the government for an order reversing dismissal of the indictment is denied."

The district court construed the March 18, 1986 order to vacate the district court's 1983 dismissal under the Speedy Trial Clause, with the further instruction that the case be subjected—so the district court expressed it—to "further consideration, not proceedings, in light of the Supreme Court's decision." The second order of March 21, 1986 was understood by the district court as a formal rejection of the government's argument that the Supreme Court's decision on the speedy trial issue implicitly decided the due process issue. The district court took the position that the 1983 dismissal was for violation of both the Speedy Trial Clause of the Sixth Amendment and the Due Process Clause of the Fifth Amendment. In the district court's view, "The indictment remains dismissed on the due process ground."

## ANALYSIS

We must begin with the district court's order dismissing the indictment in 1983. The question then before the court according to its opinion was this: "Defendants ... move to dismiss this action on the grounds that their Sixth Amendment right to a speedy trial has been violated." *United States v. Loud Hawk,* 564 F.Supp. 691, 693 (D.Or.1983). The government had contended that only the Due Process Clause applied to the periods when the government was appealing an earlier dismissal of the indictment. *Id.* at 696. The district court rejected the government's position saying that the entire time had to be "analyzed under the Sixth Amendment Speedy Trial Clause rather than under the more stringent standards of the Due Process Clause." *Id.* at 697. The district court went on to conclude: "Although I disagree with the government that the Due Process test applies, even when the delay is so tested I conclude that dismissal is proper. The indictment is dismissed with prejudice as to all defendants."

As is evident, ambiguity attended the district court's order of 1983. The contention that the Due Process Clause applied was one with which the district court explicitly disagreed. That the Due Process claim was harder to establish the court explicitly recognized. The court's reasoning ended in a single order dismissing the indictment.

This single order was the subject of the government's appeal first to us and then to the Supreme Court. For the defendants to prevail under the Due Process Clause they had to show actual prejudice. *United States v. Marion,* 404 U.S. 307, 325, 92 S.Ct. 455, 466, 30 L.Ed.2d 468 (1971); *United States v. Lovasco,* 431 U.S. 783, 789–90, 97 S.Ct. 2044, 2048–49, 52 L.Ed.2d 752 (1977); *United States v. Mays,* 549 F.2d 670, 677 (9th Cir.1977); *United States v. Moran,* 759 F.2d 777, 780 (9th Cir.1985), *cert. denied,* — U.S. ——, 106 S.Ct. 885, 88 L.Ed.2d 920 (1986). The defendants had to demonstrate in a "definite and not speculative" manner how the loss of the witness or other evidence was prejudicial to them. *Mays, supra* at 677; *Arnold v. McCarthy,* 566 F.2d 1377, 1384 (9th Cir. 1978); *United States v. Pallan,* 571 F.2d 497 (9th Cir.), *cert. denied,* 436 U.S. 911, 98 S.Ct. 2249, 56 L.Ed.2d 411 (1978); *United States v. West,* 607 F.2d 300, 304 (9th Cir.

1979); *United States v. Horowitz*, 756 F.2d 1400, 1405 (9th Cir.), *cert. denied*, —— U.S. ——, 106 S.Ct. 74, 88 L.Ed.2d 60 (1985). "Mere assertions that the testimony of a missing witness might have been useful, or that witnesses' memories may have faded with the passage of time" did not constitute the " 'proof of prejudice' required by *United States v. Marion.*" *Horowitz, supra*, citing *Mays, supra* at 677 and n. 12. If the "actual content" of the lost testimony was not before the court, it could not determine whether that testimony would have been beneficial or detrimental to the defendant. *Mays, supra* at 679–80; *United States v. Mills*, 641 F.2d 785, 788 (9th Cir.1981), *cert. denied*, 454 U.S. 902, 102 S.Ct. 409, 70 L.Ed.2d 221 (1981).

The task of establishing such prejudice is so heavy that we have found only one case since 1975 where a Court of Appeals has upheld a due process claim. *United States v. Barket*, 530 F.2d 189 (8th Cir.1976) (a closed investigation was reopened by a United States Attorney 47 months after the events in question; the government was given the burden of proving that lost testimony was not exculpatory). In this circuit the burden is on the defendants. *Mays, supra*, 549 F.2d at 677. Nonetheless, in its 1983 opinion the district court in our case found that the defendants had made the requisite showing of actual prejudice. 564 F.Supp at 698, n. 7.

We, in upholding the district court's dismissal under the Speedy Trial Clause, observed that the "showing of prejudice is somewhat speculative" and gave "little weight" to this factor. 741 F.2d at 1193. The Supreme Court, reversing on the Speedy Trial issue, declared, "That possibility of prejudice is not sufficient to support respondents' position that their speedy trial rights were violated." 106 S.Ct. at 656. The Supreme Court thus made clear that prejudice from delay was a mere possibility, not an actuality. The Supreme Court also made clear that this possibility was insufficient to satisfy the claim advanced under the Speedy Trial Clause, let alone the more stringent standard of the Due Process Clause.

It was not enough for the defendants to prove actual prejudice to establish a Due Process claim. They also had to prove that the delay was caused by culpable actions of the government. *Mays, supra, Marion, supra; Moran, supra.* The district court in its 1983 opinion found the government's delay culpable. 564 F.Supp at 698 n. 7, 701. Again, the Supreme Court has explicitly ruled that the reasons for which the government acted, causing delay, were good reasons. 106 S.Ct. at 656–657. The Supreme Court's holdings on the defendants' inadequate showing of prejudice and the inadequate showing of culpable delay undercut the district court's reasoning and removed any basis for finding that the delay caused by the government's appeals violated the Due Process Clause. The issue of prejudicial delay violative of the Due Process Clause has been implicitly determined adversely to the defendants by the Supreme Court. The defendants are not free to challenge those rulings. No court is at liberty to ignore them.

When the case came back to us from the Supreme Court we unambiguously vacated the district court's order dismissing the indictment. There was only one order of the district court, not two. Once that order was vacated, there was no need to vacate it again: hence our second order of March 21, 1986 dismissing the government's motion. Once the district court's order was vacated, there was no way the district court could restore it by declaring that the indictment remained dismissed. The district court had no power to reverse the March 18, 1986 order of this court.

REVERSED and REMANDED for trial.

### APPENDIX

Chronology of *United States v. Loud Hawk*

11–14–75  Arrest

11–25–75  First Indictment

12–22–75  Second Indictment

12–24–75  Defendants move to suppress evidence on dynamite

1–21–76  Motion denied by District Court

1-21-76 Trial continued to 3-8-76 on defendants' motion

2-18-76 Trial continued to 5-12-76 on defendant's motion, over US objection

3-31-76 Motion to suppress granted; appeal taken thereafter

4-20-76 District Court denies US request for continuance

5-12-76 District Court dismisses indictment after US answers "Not ready"

10-15-76 Court of Appeals hears argument

7-26-77 Court of Appeals affirms

10-17-77 Case taken *en banc*

3-6-78 Court of Appeals remands for findings on destruction of dynamite, within 45 days or as soon as practicable [see 628 F.2d at 1144]

5-10-78 District Court holds hearings on destruction of dynamite [see 628 F.2d at 1144]

8-23-78 District Court returns findings to Court of Appeals

8-7-79 Court of Appeals *en banc* reverses District Court 628 F.2d 1139

10-1-79 Rehearing denied

3-3-80 Certiorari denied, 445 U.S. 917, 100 S.Ct. 1279, 63 L.Ed.2d 602

6-18-80 Defendants reindicted

8-8-80 District Court grants vindictive prosecution motion as to KaMook Banks, denies it as to others, and denies 5 other motions.

8-12-80 District Court denies 6 other defense motions

1-7-81 Court of Appeals hears argument

7-29-82 Court of Appeals finds for US on all motions, 682 F.2d 841

10-5-82 Rehearing denied

1-10-83 Certiorari denied, 459 U.S. 1117, 103 S.Ct. 755, 74 L.Ed.2d 972

2-25-83 District Court sets trial date of 4-11-83

3-9-83 US gets continuance to 5-3-83 over defendants' objection

4-11-83 Continuance to 5-23-83 over defendants' objection

4-20-83 Continuance to 6-13-83 over defendants' objection

5-20-83 Indictment dismissed, 564 F.Supp. 691—appeal

1-4-84 Court of Appeals hears argument

8-30-84 Court of Appeals affirms dismissal, 741 F.2d 1184

4-15-85 Certiorari granted, 471 U.S. 1014, 105 S.Ct. 2016, 85 L.Ed.2d 298

1-21-86 Supreme Court reverses decision of Court of Appeals, 474 U.S. 302, 106 S.Ct. 648, 88 L.Ed.2d 640

3-18-86 Court of Appeals order: dismissal vacated

3-21-86 Court of Appeals denies US motion to reverse on due process ground

4-17-86 District Court holds telephone conference

6-23-86 District Court orders that it remains dismissed

9-4-86 Defendants move to dismiss appeal for lack of jurisdiction

10-16-86 Court of Appeals motions panel denies motion, without prejudice to renewal before merits panel

3-9-87 Court of Appeals hears argument