UNITED STATES of America, Plaintiff,

v.

Satoru KATO, Defendant.

Cr. No. 84–01560.

United States District Court,
D. Hawaii.

May 29, 1987.

Daniel A. Bent, Lawrence Tong, Michael Santoki, U.S. Attorneys Office, Honolulu, Hawaii, for plaintiff.

H. Dean Steward, Thomas Murphy, PJKK Federal Building, Federal Public Defenders Office, Honolulu, Hawaii, for defendant.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS THE INDICTMENT FOR PRE–INDICTMENT AND/OR POST–INDICTMENT DELAY

KAY, District Judge.

The defendant herein, Satoru Kato was charged by indictment with two counts of distribution of heroin and one count of attempted distribution of heroin. While the charged offenses allegedly occurred in August and September of 1981 and January of 1982, the defendant was not indicted for those offenses until May of 1984. Thus, the pre-indictment delay between the time of the first alleged illegal heroin transaction and the return of the indictment against the defendant amounted to approximately thirty three months. Furthermore, the trial of this criminal matter did not commence until May 19, 1987. Thus, there was a post-indictment delay of some thirty six months. Based upon the cumulative delay of sixty nine months which transpired between the commission of the alleged first offense and the commencement of the trial of this matter, the defendant has moved for a dismissal of the indictment returned against him. The defendant argues that the sixty nine month delay has violated his right to a speedy trial as guaranteed by the Sixth Amendment to the United States Constitution.

The defendant has raised a motion to dismiss the indictment for pre-indictment and post-indictment delay earlier in these proceedings. Approximately three weeks prior to the commencement of the trial of this matter, the Honorable Robert Kelleher conducted a hearing on the motion to dismiss the indictment and denied said motion with leave to renew at the time of trial. Pursuant to Judge Kelleher's order, the defendant renewed his motion to dismiss the indictment after all the evidence in the case had been taken. For the reasons set forth below, the defendant's motion to dismiss the indictment for pre-indictment and post-indictment delay is again denied.

In his memorandum in support of his motion to dismiss the indictment, the de-

fendant argues that his defense in this matter has been prejudiced by the pre-indictment and post-indictment delay in three ways. First, the defendant represents that key witnesses are unavailable; specifically, the defendant argues that his case has been prejudiced by the flight of Eddie Chu to the mainland and by the unexplained unavailability of Mr. Handa's wife. Second, the defendant argues that the memories of the witnesses who testified at trial have dimmed and that the government witnesses have had to rely on their reports in order to testify. Third, the defendant argues that the government has a "report advantage;" that is, the government witnesses have detailed reports of the alleged offenses which they may rely upon in testifying in court, while the defendant, who is an elderly man, "has no such auxiliary device to refresh recollection."

Although, the defendant's most recent motion to dismiss the indictment seems to be premised on the Sixth Amendment alone, this court takes note of the fact that the motion would have been more properly based upon the Fifth and Sixth Amendments to the United States Constitution. Pre-indictment delay challenges are analyzed under the Due Process Clause of the Fifth Amendment, while post-indictment delay challenges are analyzed under the Sixth Amendment right to a speedy trial. Accordingly, this court has given distinct analysis to the delays which occurred before and after the return of the indictment in this case in its decision on whether or not to dismiss the indictment.

## I. PRE–INDICTMENT DELAY

The Due Process Clause of the Fifth Amendment may, in exceptional situations, warrant the dismissal of an indictment because of lengthy pre-indictment delay. The seminal case dealing with the dismissal of an indictment for pre-trial delay is *U.S. v. Lovasco*, 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977). In *Lovasco*, the United States Supreme Court went to great length to indicate that the dismissal of an indictment for pre-indictment delay is the exception rather than the rule, writing that "statutes of limitations, which provide pre-

dictable, legislatively enacted limits on prosecutorial delay, provide 'the primary guarantee against bringing overly stale criminal charges' " and that "the Due Process Clause has a limited role to play in protecting against oppressive delay." *Id.* at 780, 97 S.Ct. at 2048 (citations omitted).

The Ninth Circuit has established a two-prong test for determining whether pre-indictment delay has risen to the level of a denial of due process. "First, [the defendant] must prove that the delay caused him 'actual prejudice.' Second, [the defendant] must show that the length of the delay, when balanced against the government's reasons for the delay, offends those 'fundamental notions of justice which lie at the base of our civil and political institutions.' " *U.S. v. Valentine*, 783 F.2d 1413, 1416 (9th Cir.1986) (citations omitted).

The first prong of the test, "actual prejudice," is a sort of threshold inquiry. If the "required showing of actual prejudice is lacking, it is unncessary for [the court] to consider" the balancing of considerations contemplated by the second prong. *U.S. v. Horowitz*, 756 F.2d 1400, 1405 (9th Cir. 1985). "The defendant has a heavy burden to prove that a pre-indictment delay caused actual prejudice: the proof must be definite and not speculative, and the defendant must demonstrate how the loss of a witness and/or evidence is prejudicial to his case." *U.S. v. Moran*, 759 F.2d 777, 782 (9th Cir.1985). The Ninth Circuit has counselled that a district court "must keep the defendant's heavy burden in mind." *Id.*

Appellate decisions have firmly established the fact that a defendant's argument that the passage of time has dimmed memories is insufficient to prove actual prejudice. "[D]iminished recollection alone does not constitute substantial prejudice warranting a finding of a due process violation ... To allow criminal defendants to claim a loss of memory as the sole basis upon which to dismiss the indictment against them will ... erode the government's ability to prosecute offenders." *U.S. v. Johnson*, 802 F.2d 833, 836 (5th Cir.1986) (citation omitted). "[A]n unsubstantiated alle-

gation [of dimmed memory] is insufficient to establish actual and substantial prejudice." *U.S. v. Brock,* 782 F.2d 1442, 1444 (7th Cir.1986). "[P]rejudice which consists of ... impairment of memories does not constitute actual prejudice for purposes of the due process clause." *U.S. v. Bartlett,* 794 F.2d 1285, 1290 (8th Cir.1986).

Appellate decisions have likewise established the fact that conclusory allegations that lost or unavailable witnesses have prejudiced the defense is insufficient to establish actual prejudice. In *Horowitz, supra* at 1405, the Ninth Circuit held that to establish actual prejudice arising from the loss of a witness, the defendant "must demonstrate that the loss of the witness and his or her expected testimony has prejudiced him. Such proof must be definite and not speculative." Similarly, in *Moran, supra* at 783, the Ninth Circuit expressed "serious doubts whether [the defendant] had made any showing of prejudice beyond that which the statute of limitations is designed to control" when the defendant requested dismissal of an indictment because of the loss of five witnesses.

■ In the case presently before this court, the defendant has simply not established the degree of prejudice which must be proved before an indictment will be dismissed on due process grounds for pre-indictment delay. First, the defendant has argued that the unavailability of Eddie Chu and Mrs. Handa have prejudiced the preparation of his defense. This court takes notice of the fact that the uncontroverted evidence adduced at trial establishes the fact that Eddie Chu fled Hawaii and became a fugitive in December of 1981 or January of 1982. Thus, even if this case had gone to trial in early 1982, the defendant would have been faced with the "unavailability" problem insofar as Eddie Chu is concerned. Furthermore, the defendant does not present any evidence whatsoever that he has made any attempt to locate and subpoena Eddie Chu for the purposes of this trial. The defendant also argues that he has been prejudiced by the "unavailability" of Mrs. Handa "who was apparently present during at least some of the conver-

sations between defendant Kato and Handa ..." This court takes notice of the fact that Mr. Handa was under subpoena by the defendant to testify at this trial and that, indeed, Mr. Handa was outside the court room and available to be called as a witness during the trial. Given the availability of Mr. Handa, this court finds that Mrs. Handa's testimony as to the conversations which occurred between Mr. Handa and the defendant would be of dubious assistance to the defendant, even assuming that the testimony was admissible which it may not have been. Thus, the defendant has not shown any "actual prejudice" arising from the unavailability of witnesses.

This court further finds that the defendant's argument that memories have dimmed since the commission of the alleged offenses does not establish "actual prejudice" in the instant case. Although it is likely that the defendant does not recall the events which gave rise to the instant criminal charges with as much clarity as he would have had this case been tried earlier, this court is convinced that the extent of diminution of his recollection, if any, is not so great as to warrant the dismissal of the indictment. Although the memories of the government witnesses may have likewise dimmed, these witnesses have the benefit of government reports with which to refresh their recollections as the defendant aptly points out. As to the defendant's contention that the "report advantage" constitutes actual prejudice warranting dismissal of the indictment, this argument can be dismissed out of hand. It would be a strange state of affairs, indeed, if the government were to be penalized, through the dismissal of indictments, for the good record-keeping habits of its law enforcement officials.

Even if the defendant in this case had established that he had suffered "actual prejudice" as a result of the pre-indictment delay, the indictment would not be subject to dismissal as violative of the Due Process Clause. As the Ninth Circuit held in *U.S. v. Loud Hawk,* 816 F.2d 1323, 1325 (9th Cir.1987), for an indictment to be dismissed on Due Process grounds, the defendant "ha[s] to prove that the delay was caused

by culpable actions of the government." "In [the Ninth Circuit] the burden is on the defendants" to establish the fact that such culpable conduct exists. *Id.* The defendant has failed to carry this burden. For the foregoing reasons, the defendant's challenge to the pre-indictment delay in this case as constitutionally violative must fail.

## II. POST–INDICTMENT DELAY

The Sixth Amendment to the United States Constitution guarantees criminal defendants the right to a speedy trial. The Supreme Court has held that "[w]e consider four factors in evaluating a Sixth Amendment speedy trial claim. These factors are: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of the speedy trial right; and (4) prejudice to the defendant." *Barker v. Wingo* 407 U.S. 514, 522, 92 S.Ct. 2182, 2188, 33 L.Ed.2d 101 (1972), cited in *U.S. v. Williams,* 782 F.2d 1462, 1465 (9th Cir.1985). "No single factor is necessary or sufficient to establish a [Sixth Amendment] violation." *U.S. v. Solomon,* 753 F.2d 1522, 1526 (9th Cir.1985).

■ "[T]he first factor, length of delay, acts 'to some extent as a triggering mechanism.' " *Valentine, supra* at 1417. "[T]he length of the pretrial period is to be measured from the date of [the defendant's] federal accusation. Accusation is effected either by arrest, service of summons or by indictment." *Id.* As noted above, the length of delay in this case is some thirty six months. Such a lengthy delay is sufficient to "trigger" judicial scrutiny of the three remaining factors.

The government has supplied an affidavit in explanation of the reason for the delay which is the second factor this court must consider. That affidavit was sworn out by Jake Fernandez, a special agent for the Drug Enforcement Agency in Honolulu. Fernandez avers that shortly after the indictment was returned against the defendant in this case, he went to the defendant's last known address. When it was discovered that the defendant no longer lived at that address, he was declared a fugitive and his name was entered into the

El Paso Intelligence Center computer for dissemination to various law enforcement agencies as a wanted person. The affiant sets forth other efforts made to locate the defendant in Honolulu and swears that until the defendant self-surrendered, his whereabouts were unknown to the DEA.

The defendant has filed a controverting affidavit and in this affidavit, the defendant denies that he was ever a fugitive. He states that he received "monthly payments" from the United States Government, presumably at some mailing address, and that he resided at the address which appeared on his valid Hawaii driver's license. Taking the two affidavits together, it seems likely that had law enforcement officials been looking for the defendant with due diligence, they could have found him in less than thirty six months. Nevertheless, this court takes note of the fact that there is no evidence of, or indeed suggestion of, bad faith on the part of the government in delaying prosecution of this case.

Third, this court looks to the defendant's assertion of his speedy trial right. The parties seem to agree that the defendant asserted his speedy trial right shortly after he became aware of the indictment. The defendant did not become aware of the indictment which had been returned against him, however, until early 1987. Thus, the defendant's assertion of his right to a speedy trial, in the form of his first motion to dismiss the indictment for post-indictment delay, was not made until April 1, 1987, less than two months prior to the commencement of the trial. Because there is no evidence whatsoever of any prosecutorial delay subsequent to the defendant's assertion of his right to a speedy trial, this factor does not weigh heavily in this court's consideration of the instant motion.

The fourth and last factor that this court must consider in deciding whether or not to dismiss the indictment because of a Sixth Amendment violation is prejudice to the defendant. This factor "weighs most heavily" in a court's analysis of a Sixth Amendment claim such as that which is presently before the court. *Valentine, su-*

**1432**

*pra* at 1417. "The Supreme Court has identified three evils from which the Speedy Trial Clause is designed to protect the defendant: (1) oppressive pretrial incarceration; (2) protracted anxiety and concern; and (3) impairment of trial defense." *Id.*, citing *Barker v. Wingo,* 407 U.S. at 532, 92 S.Ct. at 2193. The evidence in this case establishes that, according to the defendant, he self-surrendered as soon as he learned of the pendency of the indictment, that the government began to prosecute this case as soon as the defendant self-surrendered, and that the defendant was not incarcerated pending trial. Thus, this court need not consider the pretrial incarceration or the protracted anxiety of the defendant. Furthermore, the due process analysis set forth above establishes that the defendant's trial defense was not "actually prejudiced" by the delay in this case. Thus, there is little, if any, prejudice to the defendant arising from the post-indictment delay.

When this court looks at the four factors enumerated above together, it is clear that the indictment in the instant case should not be dismissed for pre-indictment delay. Although the delay was long, and probably could have been lessened by greater diligence on the part of law enforcement officials in locating the defendant, the delay was not the product of bad motive on the part of the government. Most importantly, however, this court finds that the delay did not prejudice the defendant. Accordingly, dismissal of the indictment for post-indictment delay on Sixth Amendment grounds is inappropriate and the defendant's motion to dismiss the indictment on such grounds is denied.

WHEREFORE, it is hereby ORDERED that the defendant's motion to dismiss the indictment because of pre-indictment delay and post-indictment delay is DENIED.