**Richard GARCIA, Petitioner–Appellant,**

v.

**A.C. NEWLAND Warden, Respondent–Appellee.**

No. 01–17194.

D.C. No. CV–00–01484–LKK.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 7, 2002.*

Decided Oct. 10, 2002.

Before FERNANDEZ, GRABER, and GOULD, Circuit Judges.

MEMORANDUM**

Richard Garcia appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 petition challenging his jury-trial conviction for discharging a weapon in a grossly negligent manner in violation of California Penal Code § 246.3. We have jurisdiction pursuant to 28 U.S.C. § 2254. We review de novo, *see Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir.1999), and affirm.

 Garcia first contends that he was denied his Sixth Amendment right to a speedy trial because his trial was held beyond the 60–day time period provided under Cal.Penal Code § 1382. We reject this contention because errors of state law are not cognizable in a federal habeas peti-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tion. *See Estelle v. McGuire,* 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) (reemphasizing that federal habeas courts may not reexamine state-court determinations on state-law questions).

Independent of state law, we evaluate Garcia's contention based on his Sixth Amendment right to a speedy trial pursuant to the factors in *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972): 1) the length of delay; 2) the reason for the delay; 3) the defendant's assertion of his right; and 4) prejudice to the defendant, *id.* at 530, 92 S.Ct. 2182. We assume without deciding that the *Barker* factors apply to the entire time between Garcia's first arraignment on January 14, 1998, and the time of trial, *see United States v. Henry,* 615 F.2d 1223, 1232–33 (9th Cir.1980). We hold that Garcia was not denied his Sixth Amendment right to a speedy trial because his bare allegation that the delay hindered him in finding unnamed witnesses is insufficient to demonstrate prejudice. *See United States v. Loud Hawk,* 816 F.2d 1323, 1325 (9th Cir. 1987) (stating that the possibility of prejudice is insufficient to state a claim under the Speedy Trial Clause); *United States v. Baker,* 63 F.3d 1478, 1497 (9th Cir.1995) (concluding that lack of prejudice makes unnecessary the consideration of the other *Barker* factors).

Garcia next contends that the trial court violated his due process and equal protection rights by failing to abide by California law. The lack of prejudice defeats Garcia's due process claim, *see id.,* and further, Garcia fails to allege facts sufficient to state an equal protection claim.

Finally, Garcia contends that he did not have a fair hearing on his motion

to suppress evidence and that the trial court abused its discretion when it denied his motion. Because Garcia had the opportunity to litigate his motion to suppress in state court, this issue is precluded. *Ortiz–Sandoval v. Gomez,* 81 F.3d 891, 899 (9th Cir.1996). Accordingly, the district court properly dismissed Garcia's petition.

AFFIRMED.