**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Barry Noel HOROWITZ,**
**Defendant-Appellant.**

**No. 84–1214.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 12, 1985.

Decided April 2, 1985.

Gregory C. Diamond, Asst. U.S. Atty., Las Vegas, Nev., for plaintiff-appellee.

William B. Terry, Goodman, Terry, Stein & Quintana, Las Vegas, Nev., for defendant-appellant.

Before KENNEDY, ALARCON, and NELSON, Circuit Judges.

ALARCON, Circuit Judge:

Barry Noel Horowitz (hereinafter Horowitz) appeals from the judgment entered following his conviction for subscribing to a false income tax return in violation of 26 U.S.C. § 7206(1) (1982).

We must decide whether an indictment may be refiled within six months after the expiration of the statute of limitations un-

der 18 U.S.C. § 3288 (1982) where the earlier accusatory pleading was dismissed for a nonintentional failure to present exculpatory evidence to the grand jury. We have concluded that section 3288 covers a defect in the proceedings before the grand jury such as the nonintentional failure to present exculpatory evidence. We do not reach Horowitz's contention that section 3288 does not apply to intentional prosecutorial misconduct because that issue is not before us on this record.

### I

### ISSUES ON APPEAL

Horowitz raises the following issues on appeal:

One. The district court erred in failing to dismiss the second indictment as outside the statute of limitations.

Two. The district court erred in refusing to dismiss this matter because of preindictment delay.

Three. The district court erred in denying his motion for a new trial because the jury returned inconsistent verdicts.

Four. This court must reverse because of the insufficiency of the evidence.

### II

### PERTINENT FACTS

Appellant Horowitz operated a business known as Cactus Mountain Cleaners (hereinafter Cactus Mountain) in Las Vegas, Nevada. Cactus Mountain was a janitorial service specializing in kitchen clean-up for hotels in the Las Vegas area.

An audit was conducted by the Internal Revenue Service (hereinafter the IRS) as a result of discrepancies between the gross income reported on Cactus Mountain's 1975 corporate tax return, its gross receipts, and the amount of income reported by Horowitz on his 1975 individual return. The audit disclosed a total of $36,590 of unreported income for the 1975 tax year. This unreported income resulted from the cashing of eight checks from the Stardust Hotel, and two checks from the Hacienda Hotel which were not reflected on Cactus Mountain's corporate return or on Horowitz's personal return.

Horowitz was charged with subscribing to a false income tax return in violation of 26 U.S.C. § 7206(1) (Count I), and with aiding and abetting in the preparation and presentation of a false and fraudulent return in violation of 26 U.S.C. § 7206(2) (Count II), in an indictment returned by a federal grand jury on April 17, 1982.[1] This indictment was dismissed prior to trial on Horowitz's motion, however, because the court found that the government failed to present exculpatory evidence to the grand jury. A second indictment, identical to the April 7 indictment, was returned on October 14, 1982. Because the applicable statute of limitations had in fact expired on April 15, 1982, the second indictment was filed pursuant to 18 U.S.C. § 3288.

Horowitz immediately filed a number of pretrial motions, including a motion to dismiss because the indictment was outside the statute of limitations and a motion to dismiss due to preindictment delay. Both motions were denied. The jury found Horowitz guilty of subscribing to a false income tax return, but acquitted him of aiding and abetting in the preparation and presentation of a false and fraudulent return. Horowitz's post trial motion for the entry of a judgment of acquittal was denied.

### III

### DISCUSSION

A. *Application of Section 3288 to a Nonintentional Failure to Present Exculpatory Evidence*

Horowitz argues that the second indictment should have been dismissed because section 3288's savings clause was never intended to apply to indictments which

---

1. Count I alleged acts pertaining to Horowitz's 1975 personal income tax return, while Count II alleged acts pertaining to Cactus Mountain's 1975 corporate tax return.

were dismissed for legal defects. He contends that section 3288 only applies to indictments which were dismissed because of technical irregularities concerning the grand jury. We disagree.

■ Statutory interpretation is a question of law and therefore subject to de novo review. *Dumdeang v. C.I.R.*, 739 F.2d 452, 453 (9th Cir.1984).

Section 3288 provides:

Whenever an indictment is dismissed for any error, defect, or irregularity with respect to the grand jury, *or an indictment* or information filed after the defendant waives in open court prosecution by indictment *is found otherwise defective or insufficient for any cause,* after the period prescribed by the applicable statute of limitations has expired, a new indictment may be returned in the appropriate jurisdiction within six calendar months of the date of the dismissal of the indictment or information, or if no regular grand jury is in session in the appropriate jurisdiction when the indictment or information is dismissed, within six calendar months of the date when the next regular grand jury is convened, which new indictment shall not be barred by any statute of limitations.

18 U.S.C. § 3288 (1982) (emphasis added).

■ While the first clause of section 3288 appears to be aimed at dismissals resulting from technical irregularities concerning the grand jury, the second clause is much more general. It expressly brings indictments dismissed *for any cause* within the scope of section 3288's savings clause. The legislative history of section 3288 supports this broad interpretation of the statute. "The sections [sections 3288 and 3289] concern cases where a new indictment is returned after a prior indictment has been dismissed, because of an error, defect, or irregularity with respect to the grand jury, *or because it has been found otherwise defective.*" S.Rep. No. 1414, 88th Cong., 2d Sess. 1 (1964), *Reprinted in* 1964 U.S.Code Cong. & Ad.News 3257, 3258 (emphasis added).

■ Contrary to Horowitz's contention, the phrase "for any cause" does not bar reindictment when the original indictment was dismissed for a *legal* defect or defects. In *United States v. Charnay*, 537 F.2d 341 (9th Cir.), *cert. denied*, 429 U.S. 1000, 97 S.Ct. 528, 50 L.Ed.2d 610 (1976), we held that the statutory provision for reindictment after dismissals "for any cause" allows reindictment after dismissal due to legal defects in the original indictment. "[A] second indictment may properly be returned within the prescribed six-month period where the dismissal of the first indictment is due to a legal defect, as well as in those cases where the dismissal results from defects or irregularities in the grand jury." *Id.* at 355. This interpretation is in keeping with the purpose of the statute, which is "to prevent the escape of those who had been seasonably indicted, but whose indictment was bad because of some corrigible mistake." *Id.* (*citing United States v. Strewl*, 99 F.2d 474 (2d Cir.1938), *cert. denied*, 306 U.S. 638, 59 S.Ct. 489, 83 L.Ed. 1039 (1939)). *See also United States v. Macklin*, 535 F.2d 191, 193 (2d Cir.1976) ("§ 3288 was meant to apply whenever the first charging paper was vacated for any reason whatever"). We believe *Charnay* was correctly decided and is fully applicable under these facts.

Horowitz argues that section 3288 should not be applied where the first indictment has been dismissed for intentional prosecutorial misconduct. We cannot decide this question because there is no evidence of intentional prosecutorial misconduct in the record.

It is undisputed that the Assistant United States Attorney (hereinafter AUSA) who originally handled the case promised Horowitz's counsel that certain allegedly exculpatory medical evidence would be presented to the grand jury. Shortly thereafter, the case was reassigned to a second AUSA, who was informed of the agreement concerning the aforementioned medical evidence. When the case was presented to the grand jury, the prosecutor did not present all of the exculpatory evidence in

the agreement between the first AUSA and Horowitz's attorney.

The magistrate expressly found that although the prosecutor failed to present all of the exculpatory evidence to the grand jury as agreed, this failure "was neither flagrant conduct in the sense of its being malicious," nor "intentionally designed to deceive the grand jury's ability to exercise independent judgment." [2] He also expressly found that the prosecutor's conduct was negligent and not intentional. The magistrate concluded that the prosecutor's conduct was "corrigible" but fell short of prosecutorial "misconduct." These findings and conclusions were reviewed and then adopted by the district court judge in dismissing the first indictment.

■ The finding that the prosecutor's failure to present exculpatory evidence to the grand jury was negligent but neither malicious nor intentional is factual, and cannot be disturbed unless clearly erroneous. *See United States v. McConney,* 728 F.2d 1195, 1200 (9th Cir.) (en banc), *cert. denied,* ── U.S. ──, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984); *Bohemia, Inc. v. Home Ins. Co.,* 725 F.2d 506, 508–09 (9th Cir. 1984). No evidence was offered by Horowitz to prove that the prosecutor acted intentionally. The record supports the court's finding that the second prosecutor did not intentionally fail to present all exculpatory evidence to the grand jury.

Horowitz also asserts that the failure of the prosecutor to present exculpatory evidence is an abuse of the grand jury system which compels a per se reversal, a dismissal of the indictment, and is a bar to further prosecution.

Although this court has held that "the '[d]ismissal of an indictment is required ... in flagrant cases in which the grand jury has been overreached in some significant way.'" *United States v. Cederquist,* 641 F.2d 1347, 1352–53 (9th Cir.1981), *quoting United States v. Thompson,* 576 F.2d 784, 786 (9th Cir.1978), the failure of the prosecution to bring forth evidence favorable to the defendant does not present a basis to dismiss an indictment. *Cederquist,* 641 F.2d at 1353, n. 3. *See also United States v. Trass,* 644 F.2d 791, 797 (9th Cir.1981) ("[A]n indictment will not be dismissed simply because the prosecutor does not present the grand jury all available exculpatory information, or all material bearing upon the credibility of potential witnesses.").

The district court did not err in denying Horowitz's motion to dismiss on the ground that the second indictment was returned after the statute of limitations had expired. The second prosecutor's nonintentional failure to present all the exculpatory evidence as agreed was a corrigible defect or irregularity covered by the provisions of section 3288.[3]

## B. *Preindictment Delay—Necessity For Showing Of Prejudice*

Horowitz also contends that the district court erred in finding that he had not been prejudiced by excessive preindictment delay. He argues that the absence of Lisa, a witness whose testimony was allegedly material to his defense, was caused by the delay. He also argues that he was prejudiced because the memories of his other witnesses had dimmed as to certain material facts and events due to the extended

---

**2.** While the evidence was not presented in the format, style, or quantity agreed upon, our review of the record discloses that some evidence of Horowitz's medical condition was presented to the grand jury.

**3.** We recognize that there may be instances when intentional prosecutorial misconduct affects the appellant's right to a fair trial guaranteed by the due process clause of the Fifth Amendment. As noted above, there is no evidence of intentional prosecutorial misconduct

in the instant case. We therefore do not here determine whether the phrase "for any cause" nevertheless implicitly bars reindictment whenever the original indictment was dismissed for such misconduct.

We note that this issue has been addressed at the district court level. *See United States v. Serubo,* 502 F.Supp. 288 (E.D.Pa.1980) (holding that dismissal of an indictment because of prosecutorial misconduct does not bar timely reindictment pursuant to 18 U.S.C. § 3288).

passage of time between the events in issue and his indictment.

Excessive preindictment delay can result in the denial of due process of law which is guaranteed by the Fifth Amendment. *United States v. Marion,* 404 U.S. 307, 325–26, 92 S.Ct. 455, 465–66, 30 L.Ed.2d 468 (1971); *United States v. Swacker,* 628 F.2d 1250, 1251 (9th Cir. 1980). In considering whether an excessive delay requires the dismissal of an indictment, a court must first determine whether the defendant suffered actual prejudice because of the delay. *United States v. Carruth,* 699 F.2d 1017, 1019 (9th Cir.1983), *cert. denied,* — U.S. ——, 104 S.Ct. 698, 79 L.Ed.2d 164 (1984). While the length of the delay and the reason for the delay are factors to be balanced by the court, a finding of actual prejudice is a prerequisite to finding a due process violation. *Cederquist,* 641 F.2d at 1351; *United States v. Titus,* 576 F.2d 210, 211 (9th Cir.), *cert. denied,* 439 U.S. 860, 99 S.Ct. 180, 58 L.Ed.2d 169 (1978).

The burden of presenting proof of actual prejudice is on the defendant. *Carruth,* 699 F.2d at 1019. To establish actual prejudice due to the inability to locate a witness sufficient to warrant dismissal of an indictment, a defendant must not only establish his inability to locate the witness, but also must demonstrate that the loss of this witness and his or her expected testimony has prejudiced him. *United States v. Mays,* 549 F.2d 670, 677 (9th Cir.1977). Such proof must be definite and not speculative. *Carruth,* 699 F.2d at 1019. This means that the defendant must actually show that the loss of the witness has impaired his ability to defend himself meaningfully. *Cederquist,* 641 F.2d at 1351.

The record shows that Horowitz testified that he could not have "willingly" participated in the acts charged since he was heavily drugged and sedated at the time of the alleged violations as a result of suffering serious injuries in an auto accident. He argues that since Lisa took care of him from February 1, 1976, through June 30, 1976, while he was recuperating, she would have been the witness best able to testify to the effect of the medication on his conduct and memory. Although Lisa may have been the best source of the evidence concerning his mental and physical condition at the time these violations occurred, she was not the sole source of this information. Indeed, the record reveals a substantial amount of testimony covering the same facts which could have been related by the missing witness. Nearly every defense witness described Horowitz's mental and physical condition to the jury. One witness also testified that he had had almost daily contact with Horowitz during the period in question. Evidence was presented concerning the type and quantity of medication taken by the appellant. It is clear that rather than being unique, Lisa's testimony would have been cumulative of the testimony presented through other defense witnesses. Thus, Horowitz has failed to demonstrate the loss of any evidence due to preindictment delay.

Horowitz's claim of actual prejudice due to the dimming of memories is likewise unsupported by the record. To establish actual prejudice on these grounds, the defendant must prove that the witnesses' memories were impaired by the passage of time. *See Mays,* 549 F.2d at 677. There is no evidence of memory loss on the part of any defense witness in the instant case. In fact, the record is replete with examples of their ability to remember key incidents and transactions. The testimony of each witness was clear, lucid and detailed.

Mere assertions that the testimony of a missing witness might have been useful, or that witnesses' memories may have faded with the passage of time is not "proof of actual prejudice" required by *United States v. Marion. Mays,* 549 F.2d at 677 & n. 2. Since the required showing of actual prejudice is lacking, it is unnecessary for us to consider the length of, or the reasons for, the delay. *Titus,* 576 F.2d at 212. The motion to dismiss based on preindictment delay was properly denied.

### C. *Inconsistent Verdicts*

 Appellant's contention that the district court erred by refusing to grant his motion for judgment of acquittal or, alternatively, in not reversing the finding of guilt, on the grounds of inconsistent jury verdicts, is equally lacking in merit. Inconsistent jury verdicts do not mandate reversal for it has long been the rule that consistency between verdicts is not required. *See United States v. Powell,* — U.S. —, 105 S.Ct. 471, 473, 83 L.Ed.2d 461 (1984), (*citing Dunn v. United States,* 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356 (1932)). A defendant can be convicted upon one or some of the counts but acquitted on another or others and the conviction will be sustained even though rationally incompatible with the acquittal. *United States v. Miller,* 546 F.2d 320, 325 (9th Cir.1976); *United States v. Livengood,* 427 F.2d 420, 423 (9th Cir.1970). The motion for judgment of acquittal was properly denied.

### D. *Sufficiency of the Evidence*

 Horowitz's final contention is that there was insufficient evidence to support his conviction for subscribing a false individual tax return. In reviewing a claim of insufficient evidence, we must view the evidence and the inferences therefrom in the light most favorable to the government, and decide whether any rational jury could have found the essential elements of the crime charged beyond a reasonable doubt. *United States v. Gomez-Soto,* 723 F.2d 649, 655 (9th Cir.), *cert. denied,* — U.S. —, 104 S.Ct. 2360, 80 L.Ed.2d 831 (1984); *Swacker,* 628 F.2d at 1254–55. We have gone over the entire record and conclude that there was sufficient relevant evidence to support Horowitz's conviction for subscribing a false individual tax return.

There was ample evidence tending to prove that Horowitz willfully made and subscribed an individual income tax return that was false as to a material element, and that he did not believe such return was true and correct as to every material element. For example, there was evidence that the 1975 individual return was personally signed by Horowitz. Further, Horowitz acknowledged that certain income had been unreported. There was also evidence that $30,025 had not been reported on Horowitz's 1974 income tax return. All of this information was evidence from which the jury could have concluded that Horowitz was guilty of Count I.

Horowitz correctly asserts that there was evidence that he was ill and often heavily sedated at the time the events at issue occurred. It is the exclusive function of the jury to weigh the credibility of the witnesses, resolve evidentiary conflicts, and draw reasonable inferences from the established facts. *United States v. Ramirez-Rodriquez,* 552 F.2d 883, 884 (9th Cir.1977) (per curiam). The evidence was sufficient to convince a rational jury that Horowitz was guilty of subscribing a false individual tax return. The jury was free to disbelieve evidence to the contrary. Horowitz has failed to demonstrate that the jury ignored his defense.

## IV

## CONCLUSION

We conclude that section 3288 does not bar reindictment after the passage of the statute of limitations when the original indictment is dismissed for a legal defect such as the nonintentional failure to present exculpatory evidence to the grand jury. Since the second indictment was obtained within the six month statutory period, it was both timely and proper. Further, the district court did not err by refusing to dismiss the indictment on the grounds of excessive preindictment delay. Horowitz failed to prove that he was actually prejudiced by the preindictment delay. In the absence of proof of actual prejudice, preindictment delay cannot successfully support a motion to dismiss an indictment.

In addition, contrary to appellant's assertions, consistency between verdicts of a multi-count indictment is not required. The district court thus did not err by refusing to grant appellant's motion for judgment of acquittal because of allegedly in-

consistent jury verdicts. Finally, there was sufficient evidence from which a rational jury could have reasonably found Horowitz guilty of subscribing to a false income tax return.

Accordingly, the judgment of the district court is AFFIRMED.