In re Richard E. SHAW, Debtor.

Richard E. SHAW, Appellant.

v.

COUNTY OF SAN BERNARDINO, a subdivision of the State of California, and Sherry Mohageri, Appellees.

BAP No. CC–92–1103–OJMe.

Bankruptcy No. LA 87–01059 AG.

Adv. No. 90–0772 AG.

United States Bankruptcy Appellate Panel, of the Ninth Circuit.

Argued and Submitted March 16, 1993.

Decided July 14, 1993.[1]

Michael W. Beck, Los Angeles, CA, for appellant.

Allen Rigdon, Fullerton, CA, for appellees.

Before: OLLASON, JONES and MEYERS, Bankruptcy Judges.

## OPINION

OLLASON, Bankruptcy Judge:

In an adversary proceeding brought by the Debtor, Richard E. Shaw, the bankruptcy court found for the defendant, Sherry Mohageri, pursuant to Bankruptcy Code Section 549(c). Richard E. Shaw appeals and we REVERSE.

### STATEMENT OF FACTS:

On January 21, 1987, the Debtor, Richard E. Shaw, (hereinafter Shaw) filed a petition for relief under Chapter 11 of Title 11.[2] Shaw's estate included a certain unimproved real property located at Big Bear Lake, San Bernardino County, California that had a fair market value of $76,000.00. At the time of filing, this property was encumbered by the San Bernardino County's (hereinafter the County) real property tax lien for the sum of $17,423.75.

The County and the State of California (hereinafter the State), both had notice of the filing of the Debtor's Chapter 11 case prior to the following actions. The County, pursuant to California law, sold and deeded this property, post-petition, to the State. On or about March 20, 1989, the State, at a public auction, sold this property to Sherry Mohageri (hereinafter Mohageri) for $36,-049.00 who was without knowledge of the

---

1. The Panel designates its Memorandum Decision filed on July 14, 1993 as an Opinion for publication.

2. All references, except where otherwise noted, are to the Bankruptcy Code, title 11 U.S.C. §§ 101 et seq., as amended.

**152**

bankruptcy case because the Debtor failed to file a copy or notice of the bankruptcy case where a transfer of such real property may be recorded to perfect such transfer. On May 17, 1989, the State recorded the tax deed conveying the subject property to Mohageri.

All post-petition actions of the State and County were in violation of the automatic stay.

Subsequently, the Debtor filed an adversary complaint against the County, the State and Mohageri. The County and the State were subsequently dismissed and Mohageri claimed that she was protected pursuant to Bankruptcy Code Section 549(c). The bankruptcy court ruled in favor of Mohageri based on the grounds that a regularly conducted non-collusive tax sale as held by the Ninth Circuit case, *In re Madrid*, 21 B.R. 424 (9th Cir. BAP 1982), *aff'd*, 725 F.2d 1197 (9th Cir.), *cert. denied, Madrid v. Lawyers Title Ins. Corp.*, 469 U.S. 833, 105 S.Ct. 125, 83 L.Ed.2d 66 (1984), also constituted and established "present fair equivalent value" under section 549(c).

**ISSUE:**

Whether or not the bankruptcy court in determining that a regularly conducted non-collusive tax sale as held by the Ninth Circuit case, *In re Madrid*, 21 B.R. 424 (9th Cir. BAP 1982), *aff'd*, 725 F.2d 1197 (9th Cir.), *cert. denied, Madrid v. Lawyers Title Ins. Corp.*, 469 U.S. 833, 105 S.Ct. 125, 83 L.Ed.2d 66 (1984), also constituted and established "present fair equivalent value" under section 549(c) was in error.

**STANDARD OF REVIEW:**

We review the bankruptcy court's order under the provisions of the Federal Rules of Bankruptcy Procedure 8013. The determination of what constitutes "present fair equivalent value" is an issue of statutory interpretation, and thus a question of law, subject to *de novo* review. *United States v. Horowitz*, 756 F.2d 1400, 1403 (9th Cir.), *cert. denied*, 474 U.S. 822, 106 S.Ct. 74, 88 L.Ed.2d 60 (1985).

**DISCUSSION:**

■ The starting point in every case involving construction of a statute is the language itself. *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 95 S.Ct. 1917, 44 L.Ed.2d 539 (1975). "In determining the meaning of any statute, the words of the statute are 'the primary, and ordinarily the most reliable, source of interpreting' its meaning." *Watt v. Alaska*, 451 U.S. 259, 266 n. 9, 101 S.Ct. 1673, 1678 n. 9, 68 L.Ed.2d 80 (1981). Thus, when the language of the statutes is plain, "the sole function of the courts is to enforce it according to its terms." *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989); and *Caminetti v. United States*, 242 U.S. 470, 485, 37 S.Ct. 192, 194, 61 L.Ed. 442 (1917).

On the surface, there appears to be a conflict between section 362 and section 549. The interplay of these two sections was addressed and resolved by *In re Schwartz*, 954 F.2d 569 (9th Cir.1992).

In *Schwartz*, the Ninth Circuit Court of Appeals stated:

[S]ubsection 549(c)'s protection of good faith purchasers carves out an extremely specific and narrow exception to the automatic stay when section 362 overlaps subsection 549(c). There is no reason to infer from this narrow exception that violations of the automatic stay are not void.

\*　　\*　　\*　　\*　　\*　　\*

Subsection 549(c) is an exception to section 362 regardless of whether violations of the automatic stay are void or merely voidable.... Congress drafted subsection 549(c) to protect good faith purchasers where the sale would otherwise be subject to avoidance under section 549 or void under section 362.

*Schwartz*, 954 F.2d at 574.

Therefore, pursuant to *Schwartz* even though the State's actions violated the au-

tomatic stay and are void, Mohageri could fall within the exception of § 549(c).[3]

"Subsection 549(a) states a general rule favoring the trustee's power of avoidance, to which subsections (b) and (c) (create ... very narrow exceptions)." *In re Walker*, 861 F.2d 597, 600 (9th Cir.1988). *See also*, 4 L. King, Collier on Bankruptcy P. 549.02, at 549–6. (15th ed. 1987). "It follows that as an exception, subsection (c) must be strictly construed." *In re Walker*, 861 F.2d 597, 600 (9th Cir.1988).

The parties agree that Mohageri is a good faith purchaser, but dispute as to whether or not the requirement under § 549(c) as to "present fair equivalent value" is satisfied.

■ Under the rules of statutory construction, identical words that are used in different parts of the same act are intended to have the same meaning. *Sullivan v. Stroop*, 496 U.S. 478, 484, 110 S.Ct. 2499, 2504, 110 L.Ed.2d 438 (1990) (*quoting Sorenson v. Secretary of Treasury*, 475 U.S. 851, 860, 106 S.Ct. 1600, 1606, 89 L.Ed.2d 855 (1986) (*quoting Helvering v. Stockholms Enskilda Bank*, 293 U.S. 84, 87, 55 S.Ct. 50, 51, 79 L.Ed. 211 (1934) (*in turn quoting Atlantic Cleaners & Dyers, Inc. v. United States*, 286 U.S. 427, 433, 52 S.Ct. 607, 608, 76 L.Ed. 1204 (1932)).[4]

"When Congress employs the same word, it normally means the same thing, when it employs different words, it usually means different things." *Energy Research Foundation v. Defense Nuclear Facilities Safety Board*, 917 F.2d 581, 582 (D.C.Cir.1990). "Courts often say that the choice of different words reflects intent to say something different." *United States v. Poff*, 926 F.2d 588, 591 (7th Cir.1991). (*citing Zabielski v. Montgomery Ward & Co.*, 919 F.2d 1276, 1279 (7th Cir.1990)).

Congress, in enacting § 549(c), failed to define by statute, or in its Legislative History, the phrase "present fair equivalent value." Similarly, a statutory or legislative definition is lacking with respect to the phrase "reasonably equivalent value," as set forth in § 548(a)(2)(A).

Although the language of "reasonable equivalent value," was addressed and resolved in *In re BFP*, 974 F.2d 1144 (1992), *cert. granted, B.F.P. v. Resolution Trust Corporation*, —— U.S. ——, 113 S.Ct. 2411, 124 L.Ed.2d 635 (1993), the problem before this Panel is that language in section 549(c) does not use the word "reasonably" before equivalent value, but instead uses "present fair."

The bankruptcy court incorrectly determined that a regularly conducted non-collusive tax sale as held by *In re Madrid*, 21 B.R. 424 (9th Cir. BAP 1982), *aff'd* 725 F.2d 1197 (9th Cir.), *cert. denied, Madrid v. Lawyers Title Ins. Corp.*, 469 U.S. 833, 105 S.Ct. 125, 83 L.Ed.2d 66 (1984), should also automatically constitute and establish "present fair equivalent value" under section 549(c).[5] In *In re Powers*, 88 B.R. 294 (Bankr.D.Nev.1988), the court addressed both phrases and stated:

[T]hese two terms were intended to yield different results.

\*   \*   \*   \*   \*   \*

First, ... the two terms are different.... Moreover, "present fair equivalent" connotes a more stringent standard than does "reasonably equivalent." ... "[R]easonable" is a broad and largely subjective legal term. "Reasonably equivalent" suggests a standard that tolerates a greater deviation from fair market value than does "present fair equiva-

---

**3.** Section 549(c) is the protection afforded to a good faith purchaser of real property in certain limited circumstances. *In re Taylor*, 884 F.2d 478, 483 (9th Cir.1989).

**4.** *Contra, Dewsnup v. Timm*, —— U.S. ——, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992).

**5.** This Panel is also not persuaded by the rationale, as set forth by the bankruptcy court and in

*In re Bago*, 149 B.R. 610 (Bankr.C.D.Cal.1993), because Congress had had the opportunity to amend and use uniform language in both section 548 and section 549(c). However, Congress chose not to do so. Therefore, it would be illogical for this Panel to construe Congress' inaction as an extension of section 548's policies as reiterated in *BFP* and *Madrid* to section 549. In fact, such inaction indicates to the contrary.

lent." The latter term, I believe, tolerates very little deviation....

Secondly, ... Congress intended a more stringent standard under § 549 than under § 548 because the former statute involves *post* petition transfers whereas the latter statute involves *pre* petition transfers. The trustee should not be able to set aside a prepetition transfer where ... the transferee paid only sightly less than fair market value. Rather, the trustee should only be able to avoid prepetition transfers where the consideration was substantially inadequate. With a post-petition transfer, however, the property at issue became property of the estate ... then transferred out of the estate without court approval and, in some cases such as here, in violation of the automatic stay. In such a case, it is appropriate to require that the transferee give either fair market value, or something very close to it.

*Id.* at 296–97.

In *In re Auxano, Inc.*, 96 B.R. 957, 963 (Bankr.W.D.Mo.1989), the court stated that section 549(c) tolerates little deviation from fair market value.[6]

"When literal interpretation of a statute is reasonable, a court must be cautious in considering legislative history offered in support of a contrary position." *Feldman v. Commissioner of Internal Revenue*, 791 F.2d 781, 783 (9th Cir.1986) (*citing Tulalip Tribes v. FERC*, 732 F.2d 1451, 1454 (9th Cir.1984)).

The term "reasonable" in its ordinary use covers a greater deviation area than "present fair." In other words, using an analogy from general mathematics the term "present fair equivalent value" would always be a subset of "reasonable equivalent value," but the reverse would not always be true.[7]

There is no dispute that the property in question at the time of transfer had the "fair market value" of $76,000.00. Mohageri who was a good faith purchaser without knowledge of the commencement of the case received this transfer of real property with a fair market value of $76,000.00 for $36,049.00.

This transfer as the bankruptcy court determined was for "reasonable equivalent value" and incorrectly equated such for "present fair equivalent value." Therefore, this transfer was in violation of the automatic stay, void pursuant to *In re Schwartz*, 954 F.2d 569 (9th Cir.1992), and recoverable because Mohageri did not satisfy the exception under section 549(c) for Mohageri gave "reasonable equivalent value" and not "present fair equivalent value."

### CONCLUSION:

Section 549(c) provides protection to a bona fide purchaser who gives present fair equivalent value. Although a regularly conducted non-collusive tax sale automatically constitutes and establishes reasonable equivalent value under section 548, as stated by the Ninth Circuit cases, *In re BFP*, 974 F.2d 1144 (1992), *cert. granted, B.F.P. v. Resolution Trust Corporation,* —— U.S. ——, 113 S.Ct. 2411, 124 L.Ed.2d 635 (1993) and *In re Madrid*, 21 B.R. 424 (9th Cir. BAP 1982), *aff'd* by 725 F.2d 1197 (9th Cir.), *cert. denied* by *Madrid v. Lawyers Title Ins. Corp.*, 469 U.S. 833, 105 S.Ct. 125, 83 L.Ed.2d 66 (1984), such facts do not automatically satisfy the more stringent requirement under section 549.

Thus, reviewing the bankruptcy court's decision *de novo*, we do find that Mohageri

---

6. This Panel perceives that the bankruptcy judge in his decision meant to cite *Powers* on the previous page because the cited *Smith* case deals with § 547 and the judge states that he concurs with the view in *Powers*.

7. This Panel acknowledges that on certain occasions the two phrases and their respective values could coincide for the same result; however, such a determination would have to be determined on the facts of the case. In any event, such "present fair equivalent value" would have very little deviation from fair market value of the property in question and the value obtained at a regularly conducted non-collusive tax sale would not be presumed to obtain "present fair equivalent value" as allowed *BFP* for "reasonable equivalent value."

did not qualify for the protection provided under section 549(c).

The judgement of the bankruptcy court is reversed as to defendant, Mohageri.