UNITED STATES of America,
Plaintiff—Appellee,

v.

Pauline May SWARTZ, Defendant—
Appellant.

No. 03–50305.
D.C. No. CR–02–02217–TJW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 11, 2004.

Decided June 29, 2004.

Anne K. Perry, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Michelle Villasenor–Grant, Esq., Federal Defender's of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before PREGERSON, MCKEOWN, and BYBEE, Circuit Judges.

MEMORANDUM*

Pauline May Swartz appeals her conviction, under section 18 U.S.C. § 641, for

* This disposition is not appropriate for publica-  tion and may not be cited to or by the courts

theft of government property. In February 2003, Swartz was convicted for stealing funds deposited by the Social Security Administration ("SSA") into an account for which Swartz and her mother were co-signatories. In her appeal, Swartz argues that the district court erred (1) in denying her motion to suppress statements made during an interview with SSA Special Agents without the benefit of *Miranda* warnings and (2) in denying her motion to dismiss the indictment for excessive pre-indictment delay in prosecution. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

In addressing the district court's admission of Swartz's interview statements, we first note that an officer is required to give a suspect *Miranda* warnings only for a "custodial interrogation." *Oregon v. Mathiason,* 429 U.S. 492, 495, 97 S.Ct. 711, 50 L.Ed.2d 714 (1977) (per curiam) (*"Miranda* warnings are required only where there has been such a restriction on a person's freedom as to render him 'in custody.'"). A suspect is deemed "in custody," when, under the totality of the circumstances surrounding interrogation, "there was a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest." *Stansbury v. California,* 511 U.S. 318, 322, 114 S.Ct. 1526, 128 L.Ed.2d 293 (1994) (internal quotation marks omitted).

■ Here, SSA Special Agents Antolik and Albers questioned Swartz for approximately twenty-five minutes over the course of a forty-five minute interview. Swartz was questioned in her place of employment, not in a police station or in a confined or locked room. Both parties agree that the office in which the interview took place had two doors, neither of which was locked by the agents. Throughout the interview, Swartz stood on one side of a counter, while the agents remained on the other. At no time during the encounter was Swartz physically restrained or arrested. While the agents carried guns, they did not display or attempt to use them at any time. Even assuming the agents' physical presence constructively blocked one exit, Swartz could have left through the door behind her desk, a door which led to her own home. Finally, the agents interviewed Swartz only after they first agreed to leave Swartz's office and return later after Swartz explained that she was too busy to speak with them. Based on the totality of these circumstances, we conclude that Swartz was not in custody at the time the agents questioned her and thus, that the agents were not required to give her *Miranda* warnings. *See Mathiason,* 429 U.S. at 495, 97 S.Ct. 711.

■ The primary stumbling block to Swartz's claim of excessive prosecutorial delay is that she has failed to demonstrate that the thirteen-month delay caused her any actual prejudice. *See United States v. Talbot,* 51 F.3d 183, 185–86 (9th Cir.1995) ("This court has applied a two-part test to determine whether a delay in charging violated due process: (1) the defendant must prove actual, non-speculative prejudice from the delay; and (2) the length of the delay, when balanced against the reason for the delay, must offend those fundamental conceptions of justice which lie at the base of our civil and political institutions.") (internal citation and quotations omitted). Although prejudice may be shown through loss of a witness' memory, the defendant must still "demonstrate how that loss is prejudicial to [her]." *United States v. Mays,* 549 F.2d 670, 677 (9th Cir.1977). Even assuming Swartz's defense was affected by her inability to recall whether other family members had access

of this circuit except as provided by Ninth Cir. R. 36–3.

to the joint account or whether she made other deposits into the account, Swartz "must actually show that the loss of the witness impaired [her] ability to defend [her]self meaningfully." *United States v. Horowitz,* 756 F.2d 1400, 1405 (9th Cir. 1985). The problem here is that such evidence could have been established through other evidence aside from Swartz's own memory. Thus, her inability to recall this information is, by itself, insufficient to establish that Swartz was prejudiced in her defense.[1] *See id.* (finding that defendant must also show that missing evidence is not available from another source). Because Swartz has not demonstrated that she suffered any actual prejudice or that the missing evidence was not available from any other source, her claim of prosecutorial delay fails.[2] *See id.*

Accordingly, the judgment of the district court is AFFIRMED.

---

1. Swartz's last contention, that her failure to recall telling the agents that she believed someone else had contacted SSA about her mother's death prejudiced her, is largely irrelevant. What matters is not what Swartz recalls telling agents Antolik and Albers during the July 17 interview, but what she told SSA after her mother died. On this point, the record reveals that Swartz did provide relevant testimony: Swartz testified that she notified SSA of her mother's death both by telephone and in writing. That she suffered any prejudice by not remembering telling the agents that she thought someone else had notified SSA is unclear and is insufficient to

constitute the "actual prejudice" necessary for her to prevail on her claim. *See Talbot,* 51 F.3d at 186 (noting that proof of actual prejudice "must be definite and not speculative") (internal citation and quotations omitted).

2. Since we find that the required showing of actual prejudice is lacking, it is unnecessary for us to consider the length of, or the reasons for, the delay. *Talbot,* 51 F.3d at 186; *Horowitz,* 756 F.2d at 1405 ("[A] finding of actual prejudice is a prerequisite to finding a due process violation.").