**UNITED STATES of America, Plaintiff-Appellee,**

v.

**W. Owen DeVAUGHN, aka William DeVaughn, Defendant-Appellant.**

**No. 76–1598.**

United States Court of Appeals, Ninth Circuit.

Aug. 6, 1976.

Certiorari Denied Nov. 29, 1976. See 97 S.Ct. 501.

Donald B. Marks, Beverly Hills, Cal., for defendant-appellant.

Ronald Muntean, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

## OPINION

Before TRASK and CHOY, Circuit Judges, and EAST,* Senior District Judge.

PER CURIAM:

DeVaughn appeals from his conviction in a jury trial of possessing $800,000 in counterfeit Federal Reserve notes and of uttering a $20 counterfeit note in violation of 18 U.S.C. § 472. We affirm.

In January, 1975 a felony complaint was filed against DeVaughn, but was dismissed during the same month. It is not clear what the complaint charged, but we assume it had some relationship to counterfeiting.

Richard E. Woodring, who made the counterfeit notes involved in the instant case, was separately prosecuted and convicted of printing counterfeit notes. In June, 1975 after Woodring had been convicted, he agreed with United States Secret Service agents to make a tape-recorded telephone call to DeVaughn. The recording was played to the jury at DeVaughn's trial.

Appellant contends that incriminating statements he made in the recorded call should have been suppressed. He argues that, since the Government was continuing to investigate him after the complaint against him was dropped, *Massiah v. United States*, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964), applied and he should have been warned of his right to counsel prior to the recorded telephone call. We disagree.

*Massiah* held that a defendant's Sixth Amendment right to counsel was violated by police surveillance of a conversation between defendant and a confederate cooperating with police, when the defendant was under indictment for violation of federal narcotics laws. Appellant here argues that his Sixth Amendment right to counsel was violated even though he was not under indictment at the time the telephone call in question was recorded.

The Supreme Court considered a similar claim in *Hoffa v. United States*, 385 U.S. 293, 309–310, 87 S.Ct. 408, 417, 17 L.Ed.2d 374 (1966). The Court dismissed the defendant's assertion that his Sixth Amendment right to counsel attached prior to actual indictment and that the Government was circumventing this right by delaying indictment until after the conversation in issue there had been recorded. The Court held that "[l]aw enforcement officers are under no constitutional duty to call a halt to a criminal investigation the moment they have the minimum evidence to establish probable cause . . . ." This principle controls here.

* The Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation.

No new indictment had been brought against appellant and for aught we know sufficient evidence might never have been obtained for another indictment. Under such circumstances, there was no obligation to give appellant the right-to-counsel warning before the telephone conversation. *United States v. King*, 472 F.2d 1 (9th Cir.), *cert. denied* 414 U.S. 864, 94 S.Ct. 37, 40, 174, 38 L.Ed.2d 84, *reh. denied* 414 U.S. 1033, 94 S.Ct. 463, 464, 38 L.Ed.2d 325 (1973).

AFFIRMED.